BARBARA MASTERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Masters v. Commissioner
Docket No. 32317-88
United States Tax Court
T.C. Memo 1989-212; 1989 Tax Ct. Memo LEXIS 212; 57 T.C.M. (CCH) 313; T.C.M. (RIA) 89212; May 3, 1989
Barbara Masters, pro se. Kathryn E. Rooklidge, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rule 180 et seq. [1] Before the Court for disposition are respondent's "Motion *213 to Dismiss for Failure to State a Claim" and "Motion for Assessment of Damages Under I.R.C. Section 6673." Respondent, in his notice of deficiency issued to petitioner on September 29, 1988, determined a deficiency in petitioner's Federal income tax and additions to the tax for the taxable calendar year 1983 in the following respective amounts: Additions to the Tax, I.R.C. 1954
Yr.
Income Tax
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654(a)
1983
$ 2,439.00
$ 608.25
$ 121.95
*
$ 148.85
The sole adjustment to income determined by respondent in his deficiency notice is for wages received by petitioner in 1983 from Frank Murray, M.D. in the amount of $ 17,403.00. Petitioner, a resident of Bellflower, California, filed a timely petition on December 19, 1988 in which no justiciable error or facts have been raised with respect to respondent's determinations. *214 See Rule 34(b)(4), which states in part -- "Any issue not raised in the assignment of errors shall be deemed to be conceded;" and Rule 34(b)(5). Rather, petitioner contents herself with raising nothing but frivolous and groundless contentions, for example, wages are not income subject to tax, which have been rejected by this Court and others on occasions too numerous to mention. After respondent filed his motions, petitioner filed an objection, which is meritless, and a First Amended Petition, which regurgitates the same frivolous and groundless contentions espoused in her petition and others. We will not again waste precious judicial time in answering petitioner's contentions. She is no stranger to this Court, this being her fifth appearance. One case was dismissed for lack of jurisdiction by order entered September 24, 1987 (docket No. 17647-87). Another, docket No. 44887-86, where on October 3, 1988, the United States Bankruptcy Court for the Central District of California dismissed a proceeding filed by petitioner under 11 U.S.C. Chapter 13, is still pending. On two prior occasions she was advised in open Court that her contentions were frivolous and groundless. In each *215 instance, to no avail, we admonished in our opinion: Indeed, the Court hopes that it is by now apparent to petitioner that those persons advising her as to her course of action before this Court and who assisted her in the preparation of the various frivolous papers she has filed with the Court, could not have been working towards her best interests but, rather, toward their own private agenda. [Masters v. Commissioner,T.C. Memo. 1985-116, affd. per order (9th Cir., May 27, 1986), where we awarded $ 2,000 in damages to the United States, and Masters v. Commissioner,T.C. Memo. 1986-179, affd. without published opinion 815 F.2d 82 (9th Cir. 1987), where we awarded the United States $ 5,000 in damages and the Court of Appeals awarded $ 1,500 in damages for the prosecution of a frivolous appeal.] Respondent's motion to dismiss will be granted. We find that the Petition and First Amended Petition are frivolous and groundless and that they were filed primarily for delay. Accordingly, respondent's motion for assessment of damages will be granted and we award damages in the amount of $ 5,000 to the United States pursuant to the provisions *216 of section 6673. Finally, petitioner states: "Because of the complex issues that are involved in this case petitioner does not want this case treated as a small tax case. Thus petitioner does not want this case assigned to a Special Trial Judge who is assigned to hear simple small tax cases." Suffice it to say that it is in the complete discretion of the Chief Judge to assign this case to a Special Trial Judge and he has done so here. See sec. 7443A(b)(3). See also sec. 7443A(b)(4). An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of interest due on an underpayment of $ 2,433.00.↩